PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:	510/832-5001
Facsimile:	510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ALBERT TORES, JR.

*Defense counsel listed after caption

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT TORRES, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEN'S WEAHOUSE, INC.;<br>TAILORED BRANDS, INC; and<br>CPT CREEKSIDE TOWN CENTER, LLC,<br><br>　　　　Defendants. | Case No. 2:19-cv-00606-WBS-AC<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**<br><br>Action Filed: April 8, 2019 |

TRAINOR FAIRBROOK
Jessica A. Robison, State Bar No. 220846
jrobison@trainorfairbrook.com
980 Fulton Avenue
Sacramento, California, 95825
Telephone: (916) 929-7000
Fax: (916) 929-7111

Attorneys for Defendant
CPT CREEKSIDE TOWN CENTER, LLC

CAROTHERS DISANTE & FREUDENBERGER LLP
Nicole Legrottaglie Wohl, State Bar No. 271416
nlegrittaglie@cdflaborlaw.com
900 University Avenue, Suite 200
Sacramento, California 95825
Telephone: 916-361-0991
Fax:  916-570-1958

//

VORYS, SATER, SEYMOUR AND PEASE LLP
George L. Stevens, Ohio Bar No. 0092609 (*Pro hac vice* application to be filed)
glstevens@vorys.com
52 East Gay Street
Columbus, Ohio 43215
Telephone: 614-464-6328
Fax: 614-464-4678

Attorneys for Defendants
MEN'S WEAHOUSE, INC. and
TAILORED BRANDS, INC

1. Plaintiff ALBERT TORRES, JR. filed a Complaint in this action on April 8, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants MEN'S WEAHOUSE, INC.; TAILORED BRANDS, INC; and CPT CREEKSIDE TOWN CENTER, LLC, ("Defendants," collectively; "Men's Wearhouse" and "Creekside," individually). Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code, and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to users of the Men's Wearhouse clothing store located at 1224 Galleria Blvd. Roseville, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to

supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Physical Remedial Measures and Administrative Procedures:**
        i. Creekside represent that their parking lot and paths of travel to the subject Men's Wearhouse is accessible. Accordingly, Creekside agree to maintain these accessible features.
        ii. Men's Wearhouse shall modify the door opening force at the front entrance of store to allow for a maximum opening force of 5 pounds and create a policy of regularly checking an maintaining the required door opening force;
        iii. Men's Wearhouse shall maintain merchandise such that there is an accessible route throughout the store that is at least 36" wide;
        iv. Men's Wearhouse shall provide one accessible fitting room including:
            1. Creating clear floor space that allows 180-degree turn, with no door swinging into the turn-around space;

2. Providing a fixed bench that is between 17 and 19 inches in height from the finished floor, a grab bar affixed to the side wall adjacent (but not behind) where the fixed bench is located to assist in transferring to the bench;
    3. Providing a mirror that is a full-length mirror, measuring at least 18 in wide by 54 in high positioned such that either someone standing or sitting on the bench could view themselves.
  b. **Policy Based Remedial Measures and Administrative Procedures:** Men's Wearhouse agrees that it shall ensure that its management and staff offer customer service to all patrons, including those with disabilities.
  c. **Timing**: Defendants will complete each item on the schedule stated in this Consent Decree by October 31, 2019. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.
  d. Defendants or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than October 31, 2019.
  e. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and

Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek relief via motion for an order directing the Defendants to pay Plaintiff's counsel reasonably incurred fees.

**ENTIRE CONSENT DECREE AND ORDER, SEPARATE RELEASE:**

6. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

7. For matters not specifically dealing with the injunctive relief referenced above, the Parties will enter into a separate, binding, settlement agreement. That agreement and this Consent Decree and Order constitute the entire agreement between the signing Parties on all matters relating to this litigation whatsoever, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in that agreement and/or this written Consent Decree and Order, shall be enforceable regarding all matters relating to this litigation. The Parties request that if there is a dispute about enforcement of either this Consent Decree or that separate agreement, the Court will retain jurisdiction to hear the dispute. The Parties agree that if a dispute as to the separate settlement requires enforcement, they will file that the separate settlement agreement under seal.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

9. Except for all obligations required in this Consent Decree and Order (and the separate agreement referenced above) each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order (and the separate agreement referenced above), the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order (and the separate agreement referenced above), this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with

respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY**

11. Except for all obligations required in this Consent Decree and Order (and the separate agreement referenced above) each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to

bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | | |
|---|---|---|
| Dated: August 9, 2019 | | PLAINTIFF ALBERT TORRES, JR. |

                                           */s/ Albert Torres, Jr.*
                                           ALBERT TORRES, JR

Dated: August 15, 2019                    MEN'S WEARHOUSE, INC.

                                           By:   */s/ Catherine A. Spicer*
                                             Print name: Catherine A. Spicer
                                             Title: SVP – Deputy General Counsel

Dated: August 26, 2019                    TAILORED BRANDS, INC.

                                             By:   */s/ Catherine A. Spicer*
                                             Print name: Catherine A. Spicer
                                             Title: SVP – Deputy General Counsel

Dated: August 21, 2019                    CPT CREEKSIDE TOWN CENTER, LLC

                                             By:   */s/ John Miller*
                                             Print name: John Miller
                                             Title: Authorized Signatory

Approved as to form:

Dated: August 9, 2019                      REIN & CLEFTON

                                             */s/ Aaron M. Clefton*
                                             By:  AARON M. CLEFTON, ESQ.
                                             Attorneys for Plaintiff
                                             ALBERT TORRES, JR.

| | | |
|---|---|---|
| Dated: August 22, 2019 | | CAROTHERS DISANTE & FREUDENBERGER LLP |

*/s/ Nicole Legrottaglie*
By: NICOLE LEGROTTAGLIE WOHL, Esq.
Attorneys for Defendants,
TAILORED BRANDS, INC. and
MEN'S WEARHOUSE, INC.

Dated: August 21, 2019          TRAINOR FAIRBROOK

*/s/ Jessica A. Robinson*
By: JESSICA A. ROBINSON, Esq.
Attorneys for Defendants,
CPT CREEKSIDE TOWN CENTER, LLC

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: August 27, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE